IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DOUGLAS W. CAGLE                                                                    PLAINTIFF

vs.                                        Civil No. 4:08-cv-04109

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Douglas W. Cagle ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on December 22, 2004. (Tr. 42). Plaintiff alleged he was disabled due to joint pain in his spine and neck, diverticulitis, and depression. (Tr. 74, 76). Plaintiff alleged an onset date of October 1, 2004. (Tr. 77). Plaintiff's DIB and SSI

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially on June 15, 2005, and at the reconsideration level on November 10, 2005. (Tr. 37-41).

On January 11, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 36). This hearing was held on November 8, 2006 in Texarkana, Arkansas. (Tr. 991-1030). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and has a GED. (Tr. 995-997).

On February 22, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 17-25). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 1, 2004. (Tr. 24, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorder of the back and anxiety related disorder. (Tr. 24, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-23). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 21-22). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform light work. (Tr. 24, Finding 6).

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 23-24, Finding 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 997-998, 1024-1029). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a truck driver. (Tr. 1024). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform this PRW. (Tr. 24, Finding 9).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 24, Finding 9). Specifically, the VE testified Plaintiff would be able to perform work as a small products assembler with approximately 29,000 such jobs in Arkansas and 800,000 such jobs in the nation, and as a routing clerk with approximately 5070 such jobs in Arkansas and 800,000 such jobs in the nation. (Tr. 1028). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through June 5, 2008. (Tr. 24, Finding 10).

On April 5, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 12-13). *See* 20 C.F.R. § 404.968. On October 29, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On November 12, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 19, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination and (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1. In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC and (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

Plaintiff claims substantial evidence does not support the ALJ's RFC determination that he can perform light work. Defendant argues the ALJ properly determined the Plaintiff's RFC. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the

5

record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined the Plaintiff had the RFC to perform work light work related activities. In determining Plaintiff's RFC, the ALJ accounted for Plaintiff's severe impairments of a back and anxiety disorder. (Tr. 24). Plaintiff also alleged disability based on diverticulitis. (Tr. 76). However, the ALJ did not determine this to be a severe impairment. (Tr. 24).

Following the ALJ's decision, Plaintiff provided additional evidence to the Appeals Council. (Tr. 7-8, 936-990). This evidence included, among other things, treatment records from the Veteran's Administration ("VA") and a VA award of disability pension benefits. This award was based on a 60% disability finding related to digestive problems that included diverticulitis, colitis, irritable bowel syndrome, hiatal hernia, reflux and gastritis. (Tr. 986). The Appeals Council found this additional evidence did not provide a basis for changing the ALJ's decision. (Tr. 5).

6

After the Appeals Council has considered newly submitted evidence, the court does not evaluate the Appeals Council's decision denying review. The court is limited to deciding whether the ALJ's decision is supported by substantial evidence, including the new evidence submitted after the determination was made. *See Riley v. Shalala*, 18 F. 3d 619, 622 (8th Cir. 1994). In this circumstance, the court "must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports [evidence] if they had been available for the original hearing." *See Id.*

Although a VA disability determination is not binding on an ALJ's decision in determining disability benefits, it is evidence that should be considered by the ALJ and is entitled to some weight. *See Morrison v. Apfel*, 146 F. 3d 625, 628 (8th Cir. 1998). In this matter, although Plaintiff alleged a disability due to his diverticulitis, the ALJ did not consider Plaintiff's condition to be a severe impairment. As mentioned above, the VA found a 60% disability finding related to digestive problems that included diverticulitis, colitis, irritable bowel syndrome, hiatal hernia, reflux and gastritis.

Based on the new evidence submitted after the ALJ's decision, substantial evidence does not support the ALJ's findings regarding Plaintiff's RFC and his findings regarding Plaintiff's severe impairments. On remand, the ALJ should review the new evidence from the VA treatment records and disability award, that was submitted after his determination was made.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

---

[2] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE